IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.  6:13-00141

DWAINE ALLEN COLLINS
    also known as "Dwaine Allen Cline"

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Government's motion in limine (ECF No. 19) to prohibit Defendant from introducing any evidence, testimony, or argument regarding court proceedings from May 13, 2011, and August 19, 2011, in the Court of Common Pleas in Columbiana County, Ohio.

Defendant filed a response to this motion. ECF No. 26. Following oral argument concerning pre-trial motions in this case on July 8, 2013, this Court ordered the parties to file any supplemental memoranda concerning the admissibility of evidence by July 12, 2013. Defendant subsequently filed a memorandum further opposing the Government's motion in limine. ECF No. 32. The Government did not file a supplemental memorandum. For the reasons explained below, the Government's motion in limine is **DENIED**.

### Factual Background

Defendant Dwaine Allen Collins, a sex offender,[1] is charged in a one-count Indictment

---

[1] Defendant is a sex offender as a result of his 1998 conviction in Cumberland County Superior Court, Cumberland County, North Carolina for Indecent Liberties with a Child.

1

with knowingly failing to update his sex offender registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. The Indictment alleges that some time after February 23, 2011, through at least around March 2013, Defendant resided in Parkersburg, West Virginia, but did not update his sex offender registration accordingly. The Government, in anticipation of the evidence Defendant may attempt to introduce at trial, moved for an order prohibiting defendant from introducing any evidence, testimony, or argument regarding court proceedings from May 13, 2011, and August 19, 2011, in the Court of Common Pleas in Columbiana County, Ohio.

The transcripts of the May 2011 plea hearing and August 2011 sentencing hearing are attached as an exhibit to the motion in limine. At the May 2011 hearing, Defendant pled no contest to Failure to Verify Address, in violation of Ohio Code § 2950.06(F). Having reviewed that transcript, there is no mention of Defendant's obligations in the future to register as a sex offender. In the sentencing transcript, however, the judge discusses reclassification of Defendant's period of registration, and states that Defendant was required to register for ten years. ECF No. 19-1 at 19. The judge reminds Defendant of the importance of following registration requirements, and asks Defendant's counsel to determine if his period for registration elapsed. *Id.* at 21-22. The judge then states that because Defendant was released in 1999, and he was originally classified to ten years registration, his registration period should be over. *Id.* at 22.

The Government argues that evidence regarding these transcripts is irrelevant, and thus inadmissible under the Federal Rules of Evidence, because in those proceedings reference is made to Ohio registration law, not federal registration law, and "[t]he matter of whether or not he was required to register in the state of Ohio under the state law of Ohio is irrelevant as to

-2-

whether the defendant, while residing in West Virginia, was required to register as a sex offender under SORNA." ECF No. 19 at 4. Furthermore, the Government contends that the transcripts do not indicate that Defendant no longer had to register in Ohio; rather, counsel was told to look into registration requirements. The Government further argues that even if the evidence is relevant, it should be prohibited because of the risk of jury confusion.

Defendant opposes exclusion of the transcripts, arguing that the transcripts are relevant and not unduly prejudicial. Defendant argues that the transcripts go directly to the issue of Defendant's knowledge of the SORNA requirements. While conceding that the Ohio judge told Defendant to follow registration instructions, Defendant notes that "[t]he same judge then effectively said . . . [Defendant] was no longer required to register because his ten year period for doing so was up. The Court in no way qualified its statements to defendant or its resolution of his case with cautions about the application of other state registration laws or federal registration laws." ECF No. 26 at 1-2.

## Discussion

To be convicted under 18 U.S.C. § 2250(a), an individual must have knowingly failed to register as required by SORNA or update his registration. The Fourth Circuit has explained the "knowledge" element of this crime:

> SORNA's criminal provision is not a specific intent law. In 18 U.S.C. § 2250(a), "knowingly" modifies "fails to register." There is no language requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law. . . . And as a general matter, ignorance of the law does not provide a defense, for the law presumes that every person knows the law. *See Cheek v. United States,* 498 U.S. 192, 199, 111 S. Ct. 604, 112 L.Ed.2d 617 (1991). To assume otherwise would lead to the inability to enforce criminal provisions against persons not learned in the law or unaware of specific statutes.

*United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009) (citation omitted).

During oral argument, the Court expressed its belief that the "knowingly" element could be satisfied by proof that Defendant knew he had not in fact registered anywhere, rather than requiring proof that Defendant knew he was required to register under SORNA. In his supplemental memorandum, Defendant elaborates about proper characterization of the mens rea requirement:

> While defendant agrees with this Court's understanding that he did not have to know he was specifically required to register or update his registration *under SORNA* as a matter of federal law, and that he did not have to understand by failing to so register or update a registration that he was breaking federal law[,] defendant submits that Mr. Collins still needed to know that he was required to register or update his sex offender registration under something.

ECF No. 32 at 2 (emphasis in original). In support, Defendant cites *United States v. Gould*, explaining that the Fourth Circuit found the knowledge requirement met where the defendant knew he had to register under a state's scheme, in that case, Maryland's. The defendant in *Gould* conceded that he knew he was required to register under Maryland law, and instead argued that he did not know he was also required to register under SORNA. *Gould*, 568 F.3d at 468. Defendant here, in contrast, does not concede knowledge that he was required to register under some scheme, and in fact argues the very opposite—that he believed he was not required to register under any scheme, based on the statements made by the state judge.

Defendant points out that the Fifth Circuit requires that the defendant have knowledge that he or she must register under some scheme. *See United States v. Whaley*, 577 F.3d 254, 262 n.6 (5th Cir. 2009).[2] In *Whaley*, the Fifth Circuit noted that:

---

[2] Also, that circuit's pattern jury instruction for § 2250 offenses states that "[t]he government must prove beyond a reasonable doubt that the defendant knew he had to register and that he intentionally did not do so, but the government does not have to prove that the defendant knew he was violating federal law." Ex. A, ECF No. 32. However, the Fifth Circuit's phasing of the

> Whaley also argues that because the government did not inform him of SORNA's requirements, he could not have "knowingly" failed to register under § 2250(a). Assuming *arguendo* that Whaley preserved this argument in his conditional plea, it is meritless. As noted above, ignorance of the law is not a defense, Whaley knew he was required to register under Kansas law, and "SORNA's criminal provision is not a specific intent law. . . . There is no language requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law." *Gould,* 568 F.3d at 468.

577 F.3d at 262 n.6. The Fifth Circuit also explained that although "[i]n general, ignorance of the law is not a defense to criminal prosecution" "the Supreme Court has recognized an exception to this principle. When a law requires someone to undertake an affirmative act to avoid criminal punishment, some knowledge or notice of the law is required." *Id.* at 262 (citing *Lambert v. California,* 355 U.S. 225, 229 (1957)).

The Fourth Circuit has spoken directly to the issue of reliance on a state court judge in *United States v. Etheridge*, 932 F.2d 318 (4th Cir. 1991). In that case, a defendant argued that he should not be convicted for being a felon in possession of a firearm, where a state judge previously told him he could possess a gun for hunting purposes and he relied on that judge's statement. The Fourth Circuit adopted the reasoning of the Eleventh Circuit in *United States v. Bruscantini,* 761 F.2d 640 (11th Cir. 1985). When a state official interprets a law and a defendant relies on that interpretation, the Eleventh Circuit in *Bruscantini* drew a distinction between arguing that reliance in a subsequent prosecution by the state government and subsequent

---

knowledge requirement is not universal. For example, the Modern Federal Jury Instructions phrase that element differently:
> An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. The government is not required to prove that defendant knew that he was required to register by the Sex Offender Registration and Notification Act.

3-61 Modern Federal Jury Instructions- Criminal P 61.10.

prosecution by the federal government; the court explained that an individual cannot point to reliance on a *state* judge as a shield to prosecution by the *federal* government. *Bruscantini,* 761 F.2d at 641-42.

Although *Etheridge* on its face appears to foreclose Defendant's ability to use reliance on the state judge as a shield to prosecution, *Etheridge*'s applicability may in fact be more limited upon closer examination. For example, Defendant argues that a conviction for being a felon in possession merely requires that the defendant knew he possessed a firearm, and so the defendant's reliance in that case did not affect his culpability. The Government had an opportunity to file a supplemental memorandum speaking directly to the applicability of *Etheridge*, but chose not to do so.

Although the Court does not necessarily agree with all of Defendant's attempts to distinguish *Etheridge*, the Court is sufficiently convinced that *Etheridge* does not foreclose Defendant's ability to argue reliance on the state judge in this case. The Court believes that Defendant's knowledge of whether he was required to register under some state scheme is relevant to whether Defendant meets the "knowingly" requirement of SORNA.

The Court also wishes to address possible hearsay concerns with the transcripts. Any portion of the transcript offered for a purpose other than to prove the truth of the matter asserted would not be considered hearsay. Therefore, some of the portions of the transcripts might not constitute hearsay, depending on their use at trial. Furthermore, the Court is inclined to believe that court transcripts are allowable under the hearsay exception found in Federal Rule of Evidence 803 for records of regularly conducted activity and/or public records. However, because the parties have not elaborated on application of the rules regarding hearsay, the Court

would be inclined to consider arguments concerning hearsay admissibility at a later date.

## Conclusion

For the reasons explained above, the Government's motion in limine (ECF No. 19) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: August 28, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE