IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO.  6:13-00141

DWAINE ALLEN COLLINS
      also known as "Dwaine Allen Cline"

MEMORANDUM OPINION AND ORDER

This Court conducted a bench trial in this matter on September 18, 2013. At the conclusion of the bench trial, the Court found Defendant Dwaine Allen Collins **GUILTY** of the crime of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250, as charged in the single-count Indictment. The Court makes the following findings of fact and conclusions of law in reaching this verdict.

## I.  Findings of Fact

On July 6, 1998, Defendant pled guilty to two counts of taking indecent liberties with a child in violation of North Carolina General Statute § 14-202.1. Tr. of Plea, Joint Ex. b; Stipulation of Facts ¶ 4, ECF No. 50 (hereinafter "Stipulation"). He was sentenced for these two counts on July 8, 1998. Stipulation ¶ 5. Because of these North Carolina convictions, Defendant was required to register as a sex offender pursuant to state law; he additionally had an independent obligation to register as a sex offender pursuant to the Sex Offender Registration

and Notification Act (hereinafter "SORNA").[1] Defendant subsequently registered as a sex offender in North Carolina on July 11, 1998. *Id.* ¶ 6.

After his release from prison in North Carolina, Defendant moved to Ohio, where he registered as a "sexually oriented offender." *Id.* ¶ 8. Defendant signed an Ohio form entitled "Explanation of Duties to Register as a Sex Offender" on August 22, 2001. Explanation, Joint Ex. f. The form stated that Defendant was required to annually verify his address in person, to "provide notice of change of residence address to the sheriff with whom [he] most recently registered at least 7 days prior to any change in residence address," and to "register [his] new residence address with the appropriate official in the new county or state at least 7 days prior to changing residence address." *Id.* Furthermore, Defendant was required to follow these requirements for 10 years. *Id.* Based on the recitations in this form, Defendant knew when he signed the form that relocating to a new state could trigger the requirement to register in that state.

Defendant was required to verify his address with the Sheriff's Office of Columbiana County, Ohio, by August 22, 2002, but failed to do so. Stipulation ¶ 9. Mail from the Sheriff's

---

[1] There is no separate federal entity with which offenders are required to register in order to satisfy SORNA. Rather, offenders satisfy SORNA requirements by registering with the same sorts of non-federal authorities who deal with registrations pursuant to state law. 42 U.S.C. § 16913(a) ("A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence."). For example, an offender can satisfy state registration requirements *and* SORNA by registering in the jurisdiction in which he resides. The period of time for which registration is required by SORNA and by state law, however, are not necessarily identical. *See* 42 U.S.C. § 16915 (listing the possible registration periods required for sex offenders under SORNA).

Additionally, "sex offender" and "sex offense" are defined for purposes of SORNA in 42 U.S.C. §§ 16911(1) and (5), respectively.

-2-

Office sent to Defendant at his last-known address around that time was returned as undeliverable. *Id.* A complaint was filed and a warrant was subsequently issued for Defendant's arrest based on his failure to verify his residence address information in violation of Ohio Revised Code § 2950.06(G). *Id.*

Defendant moved to Parkersburg, West Virginia, sometime in 2002 and he lived there until 2011. *Id.* ¶ 10. He never registered as a sex offender in West Virginia during this period of time, nor did he alert Ohio authorities of his move as required by the form he signed in Ohio. *Id.* ¶¶ 9, 22. The fact that he did not register in West Virginia and did not follow Ohio's registration requirements shows his state of mind and intention to avoid registration requirements.

SORNA was enacted on July 27, 2006, and the Fourth Circuit holds that "[w]ith respect to sex offenders convicted *before* the enactment of SORNA, . . . the federal duty to register applies only after the Attorney General, by regulation, made clear that the Act applied to such sex offenders." *United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009) (emphasis in original). "[B]ecause the Attorney General did not exercise his authority 'to specify the applicability' of SORNA to previously convicted sex offenders until February 28, 2007, SORNA's registration requirement did not apply to previously convicted sex offenders until that date." *Id.* (quoting *United States v. Hatcher*, 560 F.3d 222, 226-27 (4th Cir. 2009)).

On January 22, 2011, Defendant was arrested in Marietta, Ohio, for attempting to steal a television. Stipulation ¶ 11. He was subsequently charged with theft and criminal trespass in Marietta Municipal Court. *Id.* Defendant was detained at the Washington County Jail in Marietta until he was released to the custody of the Sheriff's Office of Columbiana County on February 23, 2011, and arrested by that Office on the outstanding 2002 warrant and complaint against him

for failure to verify his address. *Id.* ¶¶ 11-12. Defendant was transported that same day to the Columbiana County Jail in Lisbon, Ohio, where he remained in custody until August 19, 2011. *Id.* ¶ 13.

While in custody on February 24, 2011, Defendant signed a form entitled "Notice of Registration Duties of Sexually Oriented Offender or Child-Victim Offender." Notice of Registration Duties, Joint Ex. j. The form listed Defendant's expected post-release residence address in Parkersburg, West Virginia, and stated "[s]ince your expected residence address as stated above is located in Wood County, you shall register in person no later than 02/27/2011 with the following county sheriff's office." *Id.* The space in which to fill in the proper sheriff's office was left blank. *Id.* This form also stated that Defendant was classified as a Tier II sex offender and had to register as a sex offender for a period of 25 years. *Id.* This 25-year period, however, conflicts with the 10-year registration period noted earlier. Therefore, this Court finds that the "Notice of Registration" is inaccurate.

On March 13, 2011, a single-count indictment was filed in the Columbiana Court of Common Pleas against Defendant for failure to verify his address. Stipulation ¶ 16. Defendant pled "no contest" to the indictment on May 13, 2011. *Id.* ¶ 17. At his sentencing on August 19, 2011, Judge C. Ashley Pike suggested that the reclassification of Defendant from his original period of 10 years to a period of 25 years was not valid "under the *Bodyke* case."[2] Tr. of Sentencing at 19:10-18, *Ohio v. Collins*, No. 2011-CR-74 (Ohio Ct. Com. Pl. Aug. 19, 2011), Joint Ex. p. Judge Pike therefore suggested that Defendant's "period [of registration] was a ten year period dating from the time that he would have been released." *Id.* at 19:19-21. Judge Pike

---

[2] The Court infers that Judge Pike was referring to *State v. Bodyke*, 933 N.E.2d 753 (Ohio 2010).

also stated that he "assume[d] [Defendant's counsel would] be in a position to talk to [Defendant] about that," to which Defendant's counsel replied in the affirmative. *Id.* at 19:23-25.

Judge Pike further stated to Defendant, "I trust that you realize how important it is when you're ordered to follow Court orders and to register, you know, to do that very thing." *Id.* at 21:19-22. Judge Pike then instructed Defendant's counsel that "if I were you, if you could spend a little time with him, it may well be that his period for registration has already elapsed. But I will leave that to your calculations, okay?" *Id.* at 21:24-22:3. The Assisting Prosecuting Attorney then stated, "[I]f it is a ten year period it should be up by now," and Judge Pike agreed. *Id.* at 22:8-20.

Defendant purports to rely on the statements of Judge Pike to show that Defendant did not knowingly fail to register as a sex offender under SORNA. This Court, however, finds that Judge Pike did not make a definite legal ruling during the sentencing hearing as to whether Defendant was no longer required to register at all. Rather, Judge Pike was merely stating his opinion that the Ohio registration period may have lapsed, and he directed Defendant to talk to his counsel about the registration requirements.

After his release from custody in Ohio, Defendant traveled in interstate commerce to West Virginia. Stipulation ¶ 20. He was living in Parkersburg by January 2012 and continued to reside there until his arrest on May 20, 2013. *Id.* ¶¶ 20-21. Defendant did not register as a sex offender in West Virginia during this period. *Id.* ¶ 22.

The Indictment charges Defendant with failure to register as a sex offender pursuant to SORNA from some time after February 23, 2011, through at least in or about March 2013. ECF No. 2. The Government did not offer evidence that Defendant had a duty under the laws of North

Carolina, Ohio, or West Virginia to register as a sex offender upon his return to West Virginia during that period. The Court finds, however, that although Defendant was not necessarily required under the laws of those states to register as a sex offender, he had a separate obligation pursuant to SORNA to register as a sex offender during that period in the jurisdiction in which he resided. Therefore, Defendant was required to register as a sex offender in the state of West Virginia.

## II.  Conclusions of Law

In order for Defendant to be convicted for failure to register under 18 U.S.C. § 2250, he must have "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act." This Court explained the knowledge requirement in the Memorandum Opinion and Order previously entered in this case denying the Government's Motion in Limine. ECF No. 38. In that Order, the Court found that the knowledge element is met if Defendant knew that he was required to register under *some* scheme, such as a state sex offender registration scheme. *Id.* at 4-6. We also explained that this element does not require that Defendant knew he had to register as a sex offender specifically under SORNA. *Id.* at 4-5.

In *Gould*, the Fourth Circuit explained that "SORNA's criminal provision is not a specific intent law. . . . There is no language [in 18 U.S.C. § 2250(a)] requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law." 568 F.3d at 468. The Fourth Circuit found the knowledge requirement met in *Gould* because the defendant knew he had to register under a state's scheme—specifically, Maryland's. *Id.* The Fifth Circuit reached a similar conclusion in *United States v. Whaley*, noting that the defendant

knew he was required to register as a sex offender under Kansas law and that he therefore knowingly failed to register under SORNA. 577 F.3d 254, 262 n.6. (5th Cir. 2009).

The Fifth Circuit also explained that although "[i]n general, ignorance of the law is not a defense to criminal prosecution," "the Supreme Court has recognized an exception to this principle. When a law requires someone to undertake an affirmative act to avoid criminal punishment, some knowledge or notice of the law is required." *Id.* at 262 (citing *Lambert v. California,* 355 U.S. 225, 229 (1957)). In *Lambert*, the United States Supreme Court found that a Los Angeles municipal law which required felons within the city to register violated the Due Process Clause of the Fourteenth Amendment as "applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge." *Lambert*, 355 U.S. at 227. In so finding, the Court noted that "[v]iolation of [the Los Angeles law] is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking." *Id.* at 229. The defendant in *Gould* tried to point to *Lambert* to avoid criminal liability, but the Fourth Circuit rejected this argument:

> Gould argues further that even in the absence of actual notice of criminal liability, due process requires that a statute not criminalize "wholly passive conduct." Like the defendant in *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), Gould claims that he is being prosecuted for wholly passive conduct-*i.e.,* his failure to register. . . .
>
> Unlike an isolated city ordinance that requires all members of the broad class of all felons to register, however, SORNA criminalizes the failure to register of a much more narrowly targeted class of persons in a context where sex-offender registration has been the law for years and Gould knew that. When SORNA was enacted, every State had registration requirements for sex offenders. Moreover, as we pointed out, Gould registered in West Virginia and Pennsylvania, was convicted in West Virginia for failing to update his registration, and was notified by letter in Pennsylvania of his continuing duties to register and update his

-7-

registration. In addition, he stipulated in this case that he *knowingly* failed to register in Maryland. These circumstances do not allow for the conclusion that Gould's due process rights, based on lack of notice, were violated.

*Gould*, 568 F.3d at 468-69.

In the instant case, like in *Gould* and *Whaley*, Defendant had knowledge that he was required to register under a state scheme. Unlike the situation in *Lambert*, Defendant here had reasons to inquire into the necessity of registration following the sentencing hearing in Ohio and when he took the affirmative act of moving in interstate commerce to West Virginia in 2011 or 2012, years after SORNA became applicable to him. Defendant had repeatedly been made aware of sex offender registration requirements and put on notice of the possible need to register before he traveled in interstate commerce. Therefore, conviction here does not violate Defendant's due process rights.

This Court previously held that *United States v. Etheridge*, 932 F.2d 318 (4th Cir. 1991), does not foreclose Defendant's ability to argue reliance on the state judge in order to show that the knowledge element is not met. Mem. Op. & Order at 5-6, Aug. 28, 2013, ECF No. 38. Defendant argues that he did not register in West Virginia because he relied on the state judge's statements, but the Court disagrees with Defendant's characterization of Judge Pike's statements, as explained above. Based on the evidence as summarized here—including the Ohio sentencing transcript—the Court finds that Defendant knowingly failed to register as a sex offender. The Court finds that Defendant's level of knowledge is legally sufficient for conviction under 18 U.S.C. § 2250.

## Conclusion

The Court **FINDS** beyond a reasonable doubt that Defendant satisfies the elements of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. Defendant is therefore **GUILTY** of this crime as charged in the single-count Indictment.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER:        September 23, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE